## W. T. Freeland v. Oscar Hughes.

1. INSTRUCTIONS—*That a Party Can Not do by Agent What he Might do in Person, Erroneous.*—An instruction that mere notice to a real estate broker, through an agent of the landowner, of a revocation of his authority to sell is insufficient to withdraw the land for sale from his hands, is erroneous.

Assumpsit, for real estate broker's commissions. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

HARBAUGH & THOMPSON, attorneys for appellant.

E. J. MILLER, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was commenced before a justice of the peace by the appellee against the appellant to recover commissions for the sale of real estate. The case was taken by appeal to the Circuit Court, and there the verdict was against appellant for $174, to reverse which he prosecutes this appeal, insisting for that purpose that various errors occurred upon the trial.

Appellant resides in Louisiana, and, having a forty-acre tract of land in Moultrie county, engaged appellee to sell it for him, and at the same time engaged him to sell two other forties belonging to his brothers, the price to be

$72.50 per acre, with a commission of two per cent. The authority to sell was given January 26, 1901, and at the same time Stocks was commissioned for like purpose, and no sale by either having been effected, appellant, September 9, 1901, wrote to John E. Freeland, to withdraw the land from sale by both Stocks and Hughes, who saw the latter September 14th, and gave to him information of the substance of the letter, and the land was afterward sold to Jennie Freeland by John E. Freeland. After this, September 21st, appellee made a contract of sale of the land to Wiley, and upon that, bases his claim for commissions.

The court admitted the letter of appellant in evidence, authorizing John E. Freeland to withdraw the land from appellee, but instructed the jury that a mere notice by the brother, John E. Freeland, to appellee, would not be effective to withdraw the land for sale from his hands, but such notice must be direct from appellant, and in this respect we think there was prejudicial error. There was no dispute that John E. Freeland was duly authorized by appellant to withdraw the lands from the hands of appellee, and that he did so, it being insisted merely that appellee disregarded the act of appellant through his agent, because he was agent only. To permit a verdict to stand, induced by an instruction like this, would be in effect to hold that a person could not do by an authorized agent, what he might do in person, and such a holding would produce untold inconvenience to the business of mankind, and would not be consistent with plain principles of the law. We think appellee's authority to sell was revoked, and it was error for the court to instruct the jury as it did, and the judgment will be reversed and the cause remanded for a new trial. The motion to tax cost of additional abstract against appellant is denied.